**Raja Gulfam SARWAR, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–75597.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 5, 2005.*

Decided Dec. 13, 2005.

Howard R. Davis, Esq., Davis Miller & Neumeister, Tarzana, CA, for Petitioner.

CAC—District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, M. Jocelyn Lopez Wright, Esq., Eric W. Marsteller, DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals. Agency No. A70–646–737.

Before: GOODWIN, TASHIMA, and FISHER, Circuit Judges.

MEMORANDUM**

Raja Gulfam Sarwar, a native and citizen of Pakistan, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an Immigration Judge's order denying his second motion to reopen deportation proceedings conducted in absentia. We review for abuse of discretion the BIA's ruling on a motion to reopen. *Castillo–Perez v. INS*, 212 F.3d 518, 523 (9th Cir.2000). Questions of law are reviewed de novo, as are claims of due process violations. *Id.* We dismiss in part, and deny in part, the petition for review.

The BIA acted within its discretion in concluding that Sarwar's second motion to reopen, filed more than nine years after the IJ's order of deportation, was untimely and numerically barred. *See* 8 C.F.R. § 1003.23(b)(3) (requiring motions to reopen to be filed within ninety days of a final administrative order of removal). Sarwar does not argue that his second motion to reopen falls within any of the exceptions to the time and numerical limi-

---

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

tations under 8 C.F.R. § 1003.23(b)(4)(iii)(D).

We lack jurisdiction to consider Sarwar's challenges to his 1994 deportation order. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1258 (9th Cir.1996).

Sarwar's claim that the BIA violated its regulations in failing to assign his appeal to a three-judge panel is also unavailing. *See* 8 C.F.R. § 1003.1(e)(6)(ii) (providing that cases "may" only be assigned for review by a three-member panel under specified circumstances not present in this case).

Sarwar's remaining contentions lack merit.

Sarwar's motion to file a late reply brief is granted. The Clerk shall file the reply brief received on August 29, 2005.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.